**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|                           |   |                      |
|---------------------------|---|----------------------|
| UNITED STATES OF AMERICA, | ) |                      |
|                           | ) |                      |
| Plaintiff,                | ) |                      |
|                           | ) |                      |
| v.                        | ) | Case No. 08-20012    |
|                           | ) | 10-2484              |
| TAFF VIRDEN,              | ) |                      |
|                           | ) |                      |
| Defendant.                | ) |                      |

**MEMORANDUM AND ORDER**

Defendant Taff Virden was convicted following a jury trial of conspiring to commit and to conceal the crime of interstate transportation of stolen goods, an offense against the United States. He received a 27-month prison sentence. He did not file a direct appeal.

Mr. Virden has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 196). For the reasons discussed below, that motion is denied.

**1.      Standard**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment

vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**2. Discussion**

Mr. Virden raises two claims in his petition: that the Government failed to disclose exculpatory evidence and that his attorney was ineffective for failing to file a notice of appeal.

A. Exculpatory Evidence

Mr. Virden asserts that the Government's failure to disclose exculpatory evidence violated the Supreme Court's mandate in *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, Mr. Virden maintains that the Government suppressed impeachment evidence that one of its material witnesses failed a drug test.

2

The court previously addressed this exact issue in ruling on Mr. Virden's motion for a new trial. The court concluded, as it does now, that although the Government had an obligation to disclose evidence of its witness' drug test, that particular piece of evidence is not material.[1] As noted earlier, "the court is convinced that there is no reasonable probability that the impeachment evidence of [the witness'] cocaine use would have affected the outcome of the trial." (Doc. 158 at 9.) Moreover, Mr. Virden's co-defendant raised this precise issue on appeal, and the Tenth Circuit agreed that "given the weight of the other evidence produced by the government and the fact that the jury had learned, by [the witness'] own admission, of his occasional drug use, the suppressed information was not material." *United States v. Martin*, 379 Fed. App'x 722, 725 (10th Cir. 2010).

Mr. Virden's § 2255 petition provides no reason why the earlier analysis of this issue is incorrect or should be revisited. As such, this ground cannot serve as the basis for habeas relief.

B.  Ineffective Assistance of Counsel

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his lawyer's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S.

---

[1] To establish a *Brady* violation, a defendant must demonstrate that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material. *United States v. Combs*, 267 F.3d 1167, 1172 (10th Cir. 2001) (citing *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999)).

3

668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687). But an attorney who disregards a specific instruction to appeal is per se ineffective, without consideration of the merits of any possible appealable issue. *United States v. Snitz*, 342 F.3d 1154, 1156 (10th Cir. 2003).

Mr. Virden argues that his attorney was ineffective for failing to file a notice of appeal as requested. He claims that his attorney should have raised the *Brady* issue on direct appeal after his motion for a new trial was denied.

Mr. Virden's trial attorney, Thomas R. Telthorst, filed an affidavit at the court's request, responding to Mr. Virden's petition. Mr. Telthorst averred that had Mr. Virden requested an appeal, he would have filed one. Instead, however, Mr. Virden chose to accept the jury's verdict and the court's ruling on the *Brady* issue, and he specifically instructed Mr. Virden not to file an appeal. In response, Mr. Virden asserted that he never gave up his position to appeal the *Brady* issue.

Given the conflict between Mr. Virden's § 2255 motion and the sworn statement

4

from his attorney, the court held an evidentiary hearing on January 10, 2001, for the limited purpose of resolving this factual dispute. At the hearing, Mr. Telthorst testified credibly that Mr. Virden never asked him to file an appeal on the *Brady* issue or any other issue. Indeed, Mr. Virden seemed to admit that he and Mr. Telthorst discussed the possibility of an appeal, Mr. Telthorst advised him that it would likely be unsuccessful, and Mr. Virden accepted that legal advice and opted not to pursue an appeal. Mr. Virden's regret in choosing not to appeal cannot serve as the basis for a claim that his attorney was ineffective.

### 3. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Mr. Virden has not made a substantial showing of the denial of a constitutional right.

---

[2] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

5

The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 196) is denied.

**IT IS SO ORDERED** this 21st day of January, 2011.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge